[783 NYS2d 286]

In the Matter of JAY W. ROSEN (Admitted as JAY WALLACE ROSEN), an Attorney, Resignor.

Second Department, October 25, 2004

### APPEARANCES OF COUNSEL

*Jay W. Rosen*, Garden City, resignor pro se.

*Robert P. Guido*, Syosset (*Michael J. Kearse* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Jay W. Rosen has submitted an affidavit dated August 20, 2004, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Rosen was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 15, 1966, under the name Jay Wallace Rosen.

Mr. Rosen acknowledges that he has been informed by counsel to the Grievance Committee for the Tenth Judicial District that evidence of his professional misconduct has been adduced by the Grievance Committee's ongoing investigation and that charges would be prosecuted in a disciplinary proceeding against him to be recommended to the Appellate Division. From May 2002 through August 2004, Mr. Rosen was entrusted with funds belonging to four separate parties to be held in escrow in connection with real estate transactions. The amounts were $322,000, $86,228.29, $152,601.93, and $60,000. During that time, he failed to properly preserve and maintain the funds, in each instance, by converting and misappropriating the funds for purposes other than that for which they were intended. Mr. Rosen admits that he was unable to remit these funds to those individuals when he was required to do so.

Mr. Rosen acknowledges that he could not successfully defend himself on the merits against disciplinary charges which would be initiated against him by the Grievance Committee. He avers that his resignation is freely and voluntary rendered and that he is not being subject to coercion or duress by anyone.

Mr. Rosen has discussed his decision to resign with others whose advice and counsel he respects and he is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 from seeking reinstatement as an attorney for at least seven years.

Mr. Rosen avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation inasmuch as it complies with the requirements of the Court rules. The resignation tendered by Jay W. Rosen,

admitted as Jay Wallace Rosen, is accepted, and effective immediately, he is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Jay W. Rosen, admitted as Jay Wallace Rosen, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jay W. Rosen, admitted as Jay Wallace Rosen, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jay W. Rosen, admitted as Jay Wallace Rosen, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jay W. Rosen, admitted as Jay Wallace Rosen, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Jay W. Rosen, admitted as Jay Wallace Rosen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).